**NAIDICH LAW**
Zachary Naidich (ZN-1449)
137 5th Ave., 9th Fl.
New York, NY 10010
646.661.5694
ZNaidich@naidichlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
WILLIAM ORGERA,

                          *Plaintiff,*

    -*against*-

GARY D. TUCKER, DANFORDS F&B LLC d/b/a DANFORDS HOTEL & MARINA, and DPJ HM OWNER, LLC

                          *Defendant(s).*
-----------------------------------------------------------------

Docket No.: 25-cv-1503

**COMPLAINT**

**Jury Trial Demanded**

      Plaintiff WILLIAM ORGERA ("**Plaintiff**"), by and through their undersigned counsel, NAIDICH LAW, hereby alleges, as and for their Complaint against GARY D. TUCKER, DANFORDS F&B LLC d/b/a DANFORDS HOTEL & MARINA, and DPJ HM OWNER, LLC, as follows:

### NATURE OF THE ACTION

      1.    Plaintiff brings this action to recover unlawfully expropriated tips pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "**FLSA**") and the New York Labor Law § 190 *et seq.* ("**NYLL**").

      2.    Plaintiff seeks compensatory damages for the value of illegally appropriated tips, liquidated damages, pre- and post-judgment interest, and attorneys' costs and fees.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 & 1337 and 29 U.S.C. § 216(b).

4. This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as all parties are located within the Eastern District of New York.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

7. Plaintiff WILLIAM ORGERA ("**Orgera**") is a natural person residing in Nassau County, New York. Defendants employed Orgera as a bartender from in or around 2019 to around 2023.

8. Defendant DANFORDS F&B LLC d/b/a DANFORDS HOTEL & MARINA ("**F&B**") is a domestic limited liability company organized under the laws of the State of New York. Its principal place of business is located in Port Jefferson, New York.

9. Defendant DPJ HM Owner, LLC ("**DPJ**") is Delaware limited liability company licensed to conduct business in the State of New York. Its principal place of business is located in Port Jefferson, New York.

10. Upon information and belief, F&B and DPJ own and operate the Danfords Hotel & Marina ("**Danfords**"), a hotel and event space located in Port Jefferson, New York.

11. Upon information and belief, F&B has annual revenue in excess of $500,000 and is an enterprise engaged in commerce within the meaning of the FLSA.

12. Upon information and belief, DPJ has annual revenue in excess of $500,000 and is an enterprise engaged in commerce within the meaning of the FLSA.

13. Defendant GARY D. TUCKER ("**Tucker**") is a natural person residing in Suffolk County, New York.

14. Upon information and belief, he is general manager of, and maintained operational control over, F&B, DPJ, and Danforth, including determining wages and compensation, establishing work schedules, maintaining employment records, and making decisions with respect to hiring and firing employees.

15. At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff, and all similarly situated employees, within the meaning of the FLSA and NYLL.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, both individually and on behalf of a class consisting of all waiters and/or bartenders employed by Defendants at the Venues (the "**Class Period**") at any time from 2019 through entry of judgment in this case (the "**Class Period**").

17. The number and identity of the Class members are readily ascertainable from Defendants' records. Notice can be provided by means permissible under Rule 23.

18. The Class Members are so numerous that joiner of all parties is impracticable. Upon information and belief, there are in excess of 30 Class Members.

19. Common questions of law and fact exist and predominate over questions affecting individual Class Members, including, but not limited to:

    a. whether Defendants employed Plaintiff and the Class Members within the meaning of the FLSA;

    b. whether Defendants employed Plaintiff and the Class Members within the meaning of NYLL;

    c. whether Defendants failed and/or refused to pay tips to Plaintiff and the Class Members;

    d. whether Defendants misappropriated tips from Plaintiff and the Class Members;

    e. whether Defendants promulgated and/or implemented the illegal tip scheme;

    f. whether Defendants' illegal conduct was willful or with reckless disregard for the law; and

    g. whether Defendants are jointly and severally liable for damages including, but not limited to, compensatory damages, liquidated damages, interest, and attorneys' costs and fees.

20. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like all Class Members, was employed by Defendants and worked pursuant to Defendants' official and/or unofficial tip policies, practices, and procedures.

21. If Defendants are liable to Plaintiff for the claims set forth in this Complaint, they are also liable to all Class Members.

22. Plaintiff and their Counsel will fairly and adequately represent the Class Members. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages. Plaintiff's counsel is competent and experienced in wage and hour litigation and is well-prepared to represent the Class Member's interests.

23. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Class Members have been damaged and are entitled to recovery as a result of Defendants' uniform policies, practices, and procedures.

24. Defendants are sophisticated parties with significant resources. The Class Members lack adequate resources necessary to vigorously prosecute this action.

25. Class action litigation will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

**STATEMENT OF FACTS**

26. Danfords is a hotel and event space located in Port Jefferson, New York. It is comprised of six detached buildings, including (i) the Waterview at Port Jefferson Country Club (the "**Waterview**"), which features three private wedding and event spaces capable of seat 350 people, 130 people, and 100 people respectively and (ii) the Grille at Waterview (the "**Grille**").

27. Upon information and belief, events held at the Waterview are staffed by between two and four bartenders plus an additional twelve waiters for every 100 guests.

28. Upon information and belief, Defendants charged customers approximately $350 per person to host events at the Waterview and encouraged customers to leave 20% gratuity for the event staff.

29. Upon information and belief, the Grille is staffed by a bartender and approximately ten waiters. Customers were encouraged to leave gratuity.

30. Plaintiff was employed at Danfords as a bartender from in or around June 2024 until on or about February 28, 2025. Upon information and belief, he worked approximately 20 events at Waterview as well as two shifts at the Grille.

31. Plaintiff witnessed customers giving cash gratuity to the Waterview's management after events.

32. Upon information and belief, Defendants retained most or all of these tips for themselves.

5

33. Upon information and belief, Defendants intentionally, willfully, and repeatedly followed a pattern, practice, and/or policy of expropriating tips for themselves and refusing to disburse tips to the Class Members, including Plaintiff.

## CAUSES OF ACTION

### COUNT ONE
### UNLAWFUL DEDUCTIONS
### Under the Fair Labor Standards Act
(Against All Defendants)

34. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

35. At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff and the Class Members within the meaning of the FLSA.

36. Defendants, individually and/or jointly, willfully expropriated and/or retained money intended as gratuity for Plaintiff and the Class Members.

37. Defendants, individually and/or jointly, willfully redistributed tips from Plaintiff and the Class Members to themselves.

38. As a result of Defendants' willful violations of the FLSA, Plaintiff and the Class Members are entitled to compensatory damages in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

### COUNT TWO
### UNLAWFUL DEDUCTIONS
### under New York Labor Law
(Against All Defendants)

39. Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

40. At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff and the Class Members within the meaning of NYLL.

41. Defendants, individually and/or jointly, willfully expropriated and/or retained money intended as gratuity for Plaintiff and the Class Members.

42. Defendants, individually and/or jointly, willfully redistributed tips from Plaintiff and the Class Members to themselves.

43. As a result of Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to compensatory damages in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of themselves and the Class Members, respectfully requests that this Court:

a) authorize the issuance of notice to all Defendant's tipped employees who were employed during the six years immediately preceding the filing of this Complaint;

b) certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

c) award Plaintiff and the Class Members compensatory damages, liquidated damages, pre- and post-judgment, and attorneys' fees and costs; and

Dated: New York, New York
March 18, 2025

*Zachary Naidich*
Zachary Naidich (ZN-1449)